UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAYMOND MIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-01169-TWP-TAB |
| | ) |
| DUSHAN ZATECKY Superintendent, | ) |
| HEAD OF MEDCAIL STAFF, | ) |
| LT OF CHU, | ) |
| | ) |
| Defendants. | ) |

**Order Screening and Dismissing Complaint,
and Allowing Plaintiff Opportunity to File Amended Complaint**

Indiana Department of Correction inmate Raymond Mims commenced this 42 U.S.C. § 1983 action on April 26, 2021, in the Northern District of Indiana. Dkt. 1. It was transferred to this Court on May 11, 2021, and Mr. Sims was allowed to proceed *in forma pauperis* without prepayment of an initial partial filing fee. Dkts. 5, 10. The complaint is now ready for screening.

**I. Screening Standard**

Because Mr. Mims is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v.*

*Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.  Mr. Mims' Complaint

The following allegations are made by Mr. Mims in his *pro se* complaint. At the time he filed his complaint, Mr. Mims had been at the Pendleton Correctional Facility for nineteen days without having been given his personal property. He uses a catheter and needs his property to keep it clean, and he also has eczema. Mr. Mims spoke to someone in the medical department but was told to put in a medical slip; still, he has not been seen for his catheter or eczema conditions.

Mr. Mims wrote to the Superintendent (Warden) and the Lieutenant but has not received assistance. He has informed someone of feces on a wall and dirty showers, but nothing has been cleaned. A urine odor is also present. Mr. Mims also wishes to clean his cell but has not been able to for nineteen days.

As defendants, Mr. Mims names Superintendent Dushan Zatecky, the Head of Medical Staff, and the Lieutenant of the CHU. Mr. Mims seeks compensatory damages and to be sent to a camp that can deal with his serious medical issues.

## III.  Analysis

To state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment, a prisoner must allege (1) an objectively serious medical condition and (2) facts suggesting that the defendant knew about the plaintiff's condition and the substantial risk of harm it posed but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014).

The complaint fails to identify a person who failed to provide him or arrange for medical care after being notified of the need for care. The defendants names in the complaint all have supervisory roles, but there is no supervisory liability in § 1983 actions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009), and liability must be based on "personal involvement in the alleged constitutional deprivation," *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017).

For example, there is no factual basis to conclude that Mr. Mims asked the head of the medical staff for treatment and that person refused treatment. Similarly, Warden Zatecky and the CHU Lieutenant are alleged to have received Mr. Mims' grievances. Without more, however, an official's failure to follow-through on a grievance does not violate the constitution. "The Constitution does not require that jails or prisons provide a grievance procedure at all, nor does the existence of a grievance procedure create a constitutionally guaranteed right." *Daniel v. Cook Cnty.*, 833 F.3d 728, 736 (7th Cir. 2016).

Finally, prisons must indeed provide sanitary conditions of confinement. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). But a temporary neglect of an inmate's hygienic (or sanitary) needs is insufficient to establish a deprivation of a constitutional magnitude. *See Williams v. Bierman*, 46 F.3d 1134 (7th Cir. 1995) (denial of cleaning materials for two weeks does not violate the Constitution). The Court understands Mr. Mims' allegations to mean that he filed this action nineteen days after arriving at the Pendleton Correctional Facility, and that these events unfolded sometime over those nineteen days, a period not much longer, if at all longer, than the two week period at issue in *Bierman*. And, in any event, no defendant has been identified as being personally responsible for the conditions Mr. Mims has experienced.

For these reasons, Mr. Mims' complaint is **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

### IV. Opportunity to File Amended Complaint

Mr. Mims may file an amended complaint that cures the deficiencies identified in this Order. An amended complaint must have the words "Amended Complaint" on its front page, as well as this action's case number – 1:21-cv-01169-TWP-TAB – clearly shown. While the amended complaint must be "short and plain," it must nevertheless set forth sufficient facts to state a constitutional violation committed by specific persons, show an injury, and state what relief is wanted. It must give the defendants fair notice of what conduct or failure they must defend. The amended complaint must also be signed.

If Mr. Mims files an amended complaint, it must be filed no later than **September 30, 2021**. The failure to file an amended complaint containing viable constitutional claims no later than the stated deadline will result in the dismissal of this action and entry of final judgment without further notice or opportunity to be heard.

**IT IS SO ORDERED**.

Date: 9/3/2021

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Raymond Mims
174999
Pendleton Correctional Facility
Electronic Service Participant – Court Only